IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION   RECEIVED

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | 2007 FEB 15 P 2: 15 |
| vs. | ) | CASE NUMBER: 2:06-cr-00285-WKW. |
| DARRYL ANDRE KENNEDY, | ) | |

**MOTION TO SUPPRESS EVIDENCE**

Comes now the accused, Darryl Andre Kennedy, by counsel, and moves this Honorable Court for the entry of an Order suppressing any and all evidence obtained by or discovered by the United States' confidential witness. The Court should suppress the evidence on the following grounds:

1. The United State of America charged Darryl Andre Kennedy with violating 7 U.S.C. § 2024 (Redemption of illegally received food stamps) based upon evidence obtained through a confidential informant.

2. The United State of America pursuant to discovery under Federal Rules of Criminal Procedure Rule 16 provided Darryl Andre Kennedy's attorney with a voluminous amount of tape recordings of the alleged transactions between Mr. Kennedy and the confidential informant.

3. The undersigned has listened to a large portion of the tape recordings and significant portions of the recordings are indecipherable.

4. Federal Rules of Criminal Procedure Rule 16(a) (1) (F) provides:

"Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

"(i) the item is within the government's possession, custody, or control;

"(ii) the attorney for the government knows -- or through due diligence could know -- that the item exists; and

"(iii) the item is material to preparing the defense or the government intends to use the item in its case-in chief at trial."

5. While the adversary system depends primarily on the parties for the presentation and exploration of relevant facts, the judiciary is not limited to the role of a reference or supervisor. Its compulsory processes stand available to require the presentation of evidence in court or before a grand jury. *Kastigar v. United States*, 406 U.S. 441, 443--444, (1972). Because the substance of the tape recordings are material to the defense of Mr. Kennedy, and the recordings are indecipherable this Court should determine whether the United States of America has complied with the discovery rule, and if not the tape recordings and all evidence derived there from should be suppressed. To not do otherwise would leave counsel for Mr. Kennedy to speculate on a material portion of the evidence. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. *United States v. Nobles*, 422 U.S. 225, 231 (1975)

## CONCLUSION

For the foregoing reasons, this Court should suppress all evidence obtained or derived from the confidential informants.

Dated: 2/14/07

Respectfully Submitted

*Deborah M. Nickson*
Deborah M. Nickson
Attorney for Defendant
2820 Fairlane Drive, Ste, A-10
Montgomery, Alabama 36116
334-213-1233 Fax: 334-213-1234
Email: debnicks@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February 2007, a true and correct copy of the foregoing has been furnished, by CM/ECF, to Kent Brunson Assistant United States Attorney.

*Deborah M. Nickson*
Deborah M. Nickson
Attorney for Defendant

DOJ-USA OFFICE
Kent Brunson
1 Court Square
P.O. Box 197
Montgomery, AL. 36101